UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2025 MAY 21  PM 2: 07

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____ OK _____
　　　　　DEPUTY

---

AMRA PALMER
and
ELIZABETH PALMER,
Plaintiffs,

v.

WILLIAMSON COUNTY, TEXAS,
JUDGE WILL WARD, in his official capacity,
CLERK KELLY, in her official capacity,
CONSTABLE, PRECINCT 3, in his official capacity,
RICHARD CAHAN, individually and in conspiracy,
Defendants.

Civil Action No. **1:25CV00773**

---

VERIFIED COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF

(Under 42 U.S.C. §1983 and Title II of the Americans with Disabilities Act)

---

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs Amra Palmer and Elizabeth Palmer, acting pro se, respectfully submit this Verified Complaint and Emergency Request for Temporary Restraining Order (TRO) and Preliminary Injunction to prevent irreparable harm from unlawful state action. Plaintiffs state as follows:

---

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

---

AMRA PALMER
and
ELIZABETH PALMER,
Plaintiffs,

v.

WILLIAMSON COUNTY, TEXAS,
JUDGE WILL WARD, in his official capacity,
CLERK KELLY, in her official capacity,
CONSTABLE, PRECINCT 3, in his official capacity,
RICHARD CAHAN, individually and in conspiracy,
Defendants.

Civil Action No. _____

—

VERIFIED COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF

(Under 42 U.S.C. §1983 and Title II of the Americans with Disabilities Act)

—

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs Amra Palmer and Elizabeth Palmer, acting pro se, respectfully submit this Verified Complaint and Emergency Request for Temporary Restraining Order (TRO) and Preliminary Injunction to prevent irreparable harm from unlawful state action. Plaintiffs state as follows:

I. INTRODUCTION

1. Plaintiffs are a 90% service-connected disabled Army veteran and his disabled spouse, both relying entirely on VA disability income. They have lived at 761 Ramms Dr., Florence, Texas for over eight years and have no alternative housing, no remaining funds, and numerous dependent animals under their care.

2. A Writ of Possession is scheduled for execution on May 21, 2025, at 5:30 PM, based on a judgment entered under constitutionally defective conditions, including:

A default judgment entered while Plaintiff was hospitalized under VA psychiatric care;

A $12,000 bond imposed without hearing despite a valid Statement of Inability to Pay;

Clerk and judicial manipulation of court records, including metadata tampering and altered filings;

ADA accommodation requests ignored at every stage of litigation;

A final order issued under the authority of a recused judge;

A misleading Certificate of Service filed by opposing counsel Richard Cahan on May 16, 2025, falsely labeling Plaintiff's Emergency Rule 12 motion as a routine "refiled" entry, triggering docket closure and writ issuance.

3. This Court is the only forum currently capable of providing protection from irreparable harm, including:

Loss of housing and property;

Disruption of medical and psychiatric care;

Separation from support animals;

Destruction of food, assets, and safety.

---

II. JURISDICTION AND VENUE

4. This Court has jurisdiction under:

28 U.S.C. §1331 (federal question jurisdiction),

28 U.S.C. §1343 (civil rights),

42 U.S.C. §1983 (constitutional violations), and

42 U.S.C. §12132 (Title II of the Americans with Disabilities Act).

5. Venue is proper under 28 U.S.C. §1391(b) because all relevant events occurred in Williamson County, Texas, which lies within the Western District of Texas, Austin Division.

SECTION 3: PARTIES

---

6. Plaintiff Amra Palmer is a 90% service-connected disabled U.S. Army veteran, residing at 761 Ramms Dr., Florence, TX 76527. He receives VA disability income as his sole source of financial support.

7. Plaintiff Elizabeth Palmer is his spouse and a co-resident at the same address. She is also disabled and dependent on Amra Palmer's care and income.

8. Defendant Williamson County, Texas is a political subdivision of the State of Texas. It oversees the County Court at Law No. 5, its Clerk's Office, and Constable Precinct 3. It is a proper defendant under 42 U.S.C. §1983 and Title II of the Americans with Disabilities Act.

9. Defendant Judge Will Ward, presiding over County Court at Law No. 5, is sued in his official capacity for denying Plaintiffs' due process, enforcing a judgment authored by a recused judge, and refusing to rule on verified ADA and emergency motions.

10. Defendant Clerk Kelly, sued in her official capacity, is responsible for obstructing Plaintiffs' access to justice by altering docket records, reclassifying Plaintiffs' role in eFileTexas, rejecting or mislabeling filings, and participating in or facilitating procedural suppression.

11. Defendant Constable, Precinct 3, sued in his official capacity, is the officer responsible for executing the Writ of Possession issued in Cause No. 25-0695-CC5, despite unresolved motions and pending constitutional and ADA violations.

12. Defendant Richard Cahan, attorney for the landlord-plaintiff in the underlying state case, is sued individually for:

Filing fraudulent Certificates of Service;

Mislabeling emergency motions;

Submitting filings that triggered procedural closures and writ issuance;

Conspiring with state actors to suppress Plaintiffs' legal rights.

13. Plaintiffs have resided at 761 Ramms Dr., Florence, Texas for over eight years. Their home contains personal belongings, vehicles, trailers, boats, medical equipment, and 10 dogs and 3 cats, all of which are lawfully kept, vaccinated, and essential to their mental health and safety. Plaintiffs are both disabled and rely entirely on a fixed VA disability income that is exhausted by this point in the month. They have no savings, no alternate housing, and no transportation to relocate all vehicles or animals.

14. In April 2025, while under inpatient VA psychiatric care, Plaintiff Amra Palmer was unable to attend a Justice Court trial in the underlying eviction case. Despite providing notice, the Justice Court entered a default judgment.

15. Plaintiffs timely appealed to County Court at Law No. 5 and filed a verified Statement of Inability to Pay, supported by a TRLA acceptance letter. The court imposed a $12,000 supersedeas bond with no hearing and refused to rule on indigency, violating state law and due process.

16. Plaintiffs filed multiple verified and time-sensitive motions, including:

A Rule 12 motion to strike bond and vacate judgment;

A motion to freeze the record and preserve judicial evidence;

Verified ADA accommodation requests starting April 7, 2025.

17. These motions were ignored, and no rulings were made. Instead, on May 16, 2025, opposing counsel Richard Cahan filed a Certificate of Service falsely labeling Plaintiff's Emergency Rule 12 Motion as a "refiled motion." Moments later, the court entered:

"Request for Issuance",

"Certified Mail Service", and

"Payment of Registry Funds"— without addressing Plaintiffs' pending motions.

18. Also on May 16, Cahan mailed certified documents (USPS No. 9589071052701747319803) which appear intended to create the appearance of service and trigger writ issuance, while knowing Plaintiffs' motion was misfiled and unreached. The case was marked closed without any ruling.

19. On May 19, 2025, the court issued a Writ of Possession, and on May 20, it was posted at the Plaintiffs' door, ordering eviction on May 21 at 5:30 PM—the day before Memorial Day weekend, when emergency relief is hardest to obtain.

20. At all times, Plaintiffs' filings were obstructed:

They were reclassified as "Other" in the eFileTexas system, preventing notices or filings;

They were never served timely due to this misclassification;

The court record contains altered files, including PDFs generated with software the Plaintiffs do not use;

Plaintiffs' email and laptop were compromised, affecting access to verify filings or metadata.

21. The court relied on documents signed by a recused judge, and copied language from a separate case involving the Plaintiffs' daughter, without notice or hearing. Plaintiff's objections to this reuse were never ruled upon.

22. No rulings were made on any ADA request or Rule 12 challenge. The court refused to address its jurisdiction before enforcing the writ.

23. Plaintiffs now face imminent, irreparable harm:

Loss of housing;

Spoiled food;

Loss of support animals;

Risk of seizure of vehicles, boats, and trailers;

Disruption of VA medical and psychiatric care;

Complete homelessness over a federal holiday weekend.

COUNT 1: Violation of 42 U.S.C. §1983 – Due Process Clause (14th Amendment)

24. Plaintiffs were denied their constitutional right to due process of law. The state court:

Entered judgment while Plaintiff Amra Palmer was hospitalized;

Imposed a bond without ruling on a valid Statement of Inability to Pay;

Refused to rule on multiple emergency and jurisdictional motions;

Relied on filings and judgments tied to a recused judge;

Permitted enforcement of judgment without legal notice or opportunity to be heard.

25. These acts were carried out under color of state law and caused direct injury to Plaintiffs' property, liberty, and access to justice, in violation of the Fourteenth Amendment.

—

COUNT 2: Violation of Title II of the Americans with Disabilities Act (42 U.S.C. §12132)

26. Plaintiffs are both disabled and protected by Title II of the ADA. They submitted verified requests for accommodation, including:

Requests for hearing format modification;

Filing flexibility during medical emergency;

Court access accommodations.

27. These requests were never acknowledged or ruled upon. Defendants—including the Court, Clerk, and Constable—failed to accommodate or even respond, resulting in complete exclusion from the legal process and disproportionate harm.

28. As a result, Plaintiffs were denied meaningful access to court and relief, in violation of 42 U.S.C. §12132 and its implementing regulations.

—

COUNT 3: Conspiracy to Violate Civil Rights (42 U.S.C. §1985)

29. Defendant Cahan, in concert with state court officials, engaged in a coordinated effort to:

Mischaracterize and suppress filings;

Trigger closure of the case while Plaintiffs had active motions pending;

Use misleading certificates and filings to accelerate enforcement;

Deprive Plaintiffs of their right to be heard and protected under federal law.

30. These acts were not isolated. The docket sequence and certified mail timing show purposeful coordination to prevent Plaintiffs from receiving due process or ADA protections.

SECTION 6: REQUEST FOR TEMPORARY RESTRAINING ORDER (TRO)

—

31. Plaintiffs respectfully request a Temporary Restraining Order (TRO) under Federal Rule of Civil Procedure 65(b) to prevent imminent and irreparable harm from the enforcement of a Writ of Possession scheduled for May 21, 2025, at 5:30 PM.

32. Plaintiffs meet the standard for injunctive relief:

Likelihood of Success on the Merits: Plaintiffs have clearly demonstrated constitutional violations, ADA noncompliance, and procedural misconduct by state actors acting under color of law.

Irreparable Harm: Plaintiffs will lose their home, access to VA medical treatment, and the lives and welfare of multiple dependent animals. There is no adequate legal remedy for these losses.

Balance of Equities: Defendants will suffer no harm from a temporary delay. Plaintiffs, in contrast, face devastating, permanent injury if relief is denied.

Public Interest: It is in the public interest to prevent abuse of power, uphold constitutional and disability rights, and preserve due process protections—especially for veterans and disabled individuals.

33. Plaintiffs have exhausted all reasonable options at the state level. Their motions were ignored, blocked, or suppressed. This Court is the only available forum for urgent and lawful relief.

34. Plaintiffs request that this Court restrain any action to execute or enforce the Writ of Possession issued in Cause No. 25-0695-CC5, pending further hearing on a Preliminary Injunction.

SECTION 7: PRAYER FOR RELIEF, SIGNATURE & VERIFICATION

—

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Issue a Temporary Restraining Order (TRO) immediately halting enforcement of the Writ of Possession issued in Cause No. 25-0695-CC5, pending hearing;

B. Schedule a Preliminary Injunction hearing at the earliest opportunity to review the constitutionality and legality of the proceedings below;

C. Declare that Defendants' actions violated Plaintiffs' rights under the Fourteenth Amendment, the Americans with Disabilities Act, and federal civil rights law;

D. Award costs and attorney's fees (if applicable) under 42 U.S.C. §1988;

E. Grant such other and further relief as the Court deems just and proper.

—

Respectfully submitted,

Amra Palmer
761 Ramms Dr.
Florence, TX 76527
Freedomsome411@gmail.com
(737) 757-4452
Pro Se Plaintiff

Elizabeth Palmer
Same address
Pro Se Plaintiff

---

VERIFICATION

We, Amra Palmer and Elizabeth Palmer, declare under penalty of perjury under the laws of the United States that the foregoing Verified Complaint, including all facts and allegations, is true and correct to the best of our knowledge and belief.

Executed on this 21st day of May, 2025, in Florence, Texas.

Amra Palmer

Elizabeth Palmer